ALBERT VINAL *vs.* ABIJAH RICHARDSON.

Although the declaration in an action of contract does not in terms allege that the agree-
ment therein set forth was in writing, yet if a copy of a written agreement is annexed to
the declaration, and the defendant in his answer denies " that he ever signed a paper as
alleged by the plaintiff, and if he did ever sign such a paper it was without considera-
tion," the written agreement is thereby put in issue, and the declaration may be supported
by proof thereof.

Forbearing to eject a tenant at will, whose rent was in arrear, from a tenement, is a good
consideration for a guaranty, by a third person, of both the past and the future rent.

A guaranty of payment, by a third person, of rent already due, and to become due for a
certain time, from a tenant at will, is not extinguished by the landlord's ejecting the ten-
ant, before the expiration of that time, at the request of the guarantor, or by his subse-
quently receiving a new tenant.

In an action against the guarantor of rent already due and to become due for a certain time
from a tenant, it is not necessary to prove a demand of payment from the tenant, and
notice to the guarantor of the tenant's non-payment, unless the terms of the contract of
guaranty or the nature and circumstances of the particular case require it; as where the
omission to make such demand or give such notice has been attended with some loss to
the guarantor.

CONTRACT. The declaration alleged that on the 13th of No-
vember 1865 George D. Bailey was indebted to the plaintiff in

the sum of nineteen dollars for the use and occupation of a ten-
ement of the plaintiff, occupied by said Bailey, and Bailey being
so indebted desired the plaintiff to let him a certain tenement,
and the plaintiff refused to do so, or to allow Bailey to occupy
the same, unless he should pay or secure to the plaintiff what
was already due, and get security for the payment of the future
rent.  And in consideration that the plaintiff would rent to and
allow Bailey to occupy said tenement, the defendant made an
agreement to pay to the plaintiff three dollars per week for rent,
and also one dollar each week for rent already due until the
whole back rent should be paid.  Said agreement was to hold
good nineteen weeks, or until the back rent was paid.  And the
back rent has never been paid in full, and before the expiration
of nineteen weeks from the date of said agreement said Bailey
was indebted to the plaintiff in the sum of $16.71, as back rent
and rent due subsequent to said agreement.  And the defend-
ant owes the plaintiff $16.71, and the plaintiff has demanded
the same of the defendant, and the defendant neglected and re-
fused to pay the same.

A bill of particulars was annexed to the declaration, showing
a balance due, after deducting credits, of $16.71.  The follow-
ing copy of an agreement was also annexed: " Boston, Nov. 13,
1865.  I hereby guarantee that George D. Bailey shall pay to
Albert Vinal three dollars per week in advance for rent of house
No. 9 Vinal Place; also one dollar per week for back rent now
due, amounting to nineteen dollars, this agreement to hold good
for nineteen weeks, or until the back rent has been paid.  A,
Richardson."

The defendant's answer contained the following : " He denies
that he ever signed a paper as alleged by the plaintiff, and if
he did ever sign such a paper, it was without consideration "
There were also general denials.

At the trial in the superior court, before *Ames,* J., the defend-
ant did not deny that he signed the written contract referred to.
There was evidence tending to show that Bailey was a tenant
of the plaintiff, occupying certain rooms in No. 9 Vinal Place,
hat the plaintiff had taken measures for the purpose of ejecting

him, he being in arrear for rent to the amount of twenty-seven dollars; that Bailey then proposed to pay eight dollars, and to furnish security for the back rent, and also all future rent, if the plaintiff would permit him to continue to occupy the tenement; that the plaintiff agreed to do so on these terms, and Bailey accordingly paid eight dollars, and procured from the defendant the written guaranty described in the declaration, and it was delivered to the plaintiff; that Bailey after that time continued to occupy as before for the term of twelve weeks and four days; and that the plaintiff during that time received from Bailey, or from the defendant, the various payments credited in the account annexed to the declaration; that at about the end of that time the defendant requested the plaintiff to eject Bailey, and gave him for that purpose a printed blank form of notification, which the plaintiff caused to be served on Bailey, and soon after ejected him from the premises, and received a new tenant in his place; and that the payments received and credited on the account reduced the old account for rent to nine dollars, and the rents due under the renewed tenancy were $7.61. There was also evidence tending to show that the plaintiff made demand every week of Bailey, but on this point there was a conflict of evidence. The defendant on this evidence moved for a nonsuit, or that the jury should be directed by the court to return a verdict for the defendant, on the ground that the evidence did not support the declaration, and there was a variance between the claim and the proof; but the judge refused to grant the motion.

The defendant requested the court to rule and instruct the jury as follows:

" 1. The burden of proof is on the plaintiff to show consideration.

" 2. In order to maintain an action against a guarantor, a demand of payment must be made of the principal debtor, and pleaded and proved.

" 3. Where the creditor varies the terms of the contract to the prejudice of the guarantor, the guarantor is thereby discharged, and the creditor in the case at bar has materially changed and altered the terms of this contract by changing the relation of

Bailey towards himself from a tenancy at sufferance to a ten ancy at will.

" 4. Giving time to the principal debtor releases the guarantor

" 5. If the consideration of a part of this contract has failed, or is bad or wanting, and illegal and legal items are claimed in one amount, and the plaintiff fails to show which items are legal, and which illegal, the action fails.

" 6. The guarantor is a promisor on condition, and that condition is, ' If the principal debtor fails to pay the debt, and this means if he does not pay it when the debt is payable and demanded, the guarantor promises to pay it;' and the guarantor is not liable until the conditions are fulfilled.

" 7. By neglecting to call on the guarantor promptly, in advance, as by agreement he had promised to collect it, he induced him to believe that the rent had been paid by the principal debtor, and thus to relinquish whatever security he had from the principal debtor.

" 8. A party cannot be bound by an agreement to which he has never assented, or by an act done without any intent to impair his rights; and if the defendant never intended to be liable beyond the amount of Bailey's credits in his possession, then this action fails.

" 9. If the plaintiff leased the premises to another party, before the expiration of nineteen weeks, without the consent of the principal debtor, he thereby terminated the contract, and discharged the guarantor from the time of such termination."

The judge did not rule as requested, but instructed the jury that if they believed the evidence above referred to, as to the circumstances under which the defendant's contract of guaranty was given, it was upon a sufficient and valid consideration; that the plaintiff, on receiving that guaranty, was bound to permit Bailey to continue to occupy the premises for the term of nineteen weeks, or until the old account for rent was paid; but that, if the plaintiff, at the defendant's request and by his procurement, turned Bailey out of possession before the nineteen weeks had expired, the defendant would be liable on his guaranty for the rent remaining unpaid at the time of such ejection

and for the balance remaining due on the old account; and that under the circumstances of this case it was not necessary to prove a formal demand upon and refusal by Bailey, or notice of such demand and refusal to the defendant.

The jury found a verdict for the plaintiff for the whole amount claimed, and the defendant alleged exceptions.

*L. W. Osgood,* for the defendant.

*J. Bennett,* for the plaintiff.

WELLS, J. It is difficult to determine the rights of parties upon pleadings so inartificial and loose as those in the present case. The plaintiff's declaration sets forth an agreement by the defendant to pay certain sums of money for the future rent, and for arrears of rent due from one Bailey. The copy of agreement annexed shows a contract of guaranty that Bailey shall pay said sums. The declaration does not refer to the copy annexed, nor allege that the contract set forth was in writing. The defendant omits to demur, and seeks to defeat the action by a request to the court to order a nonsuit, or a verdict for the defendant, " on the ground that the evidence did not support the declaration, and there was a variance between the claim and the proof." The case is argued here by the defendant upon the position that the " copy of agreement " is no part of the declaration, 1st, because not referred to as a part of the declaration ; and 2d, because repugnant to the allegations of the declaration.

If these grounds are open to the defendant, they would seem to be fatal to the action. But, upon recurring to the answer, we find that the defendant " denies that he ever signed a paper *as alleged by plaintiff,* and if he did ever sign such a paper, it was without consideration." We think this cures the defect in the declaration, and makes an issue upon the written agreement set out by the copy annexed, as if it were well set forth by the plaintiff's allegations. As the copy of agreement thus becomes part of the pleadings, the question of variance in the proof disappears.

The ruling of the court upon the question of consideration was correct. The plaintiff's forbearance to eject Bailey, and his

restoration to the relation of tenant at will, were a sufficient consideration for the defendant's guaranty. *Johnson* v. *Wilmarth*, 13 Met. 416. *Boyd* v. *Freize*, 5 Gray, 553. It is the existence of a consideration, not its quantity, nor quality, nor appropriateness, that gives validity to a contract. It need not be an equivalent. Nor is there any reason for distinguishing between the different parts of this contract, or of its subject matter. A guaranty of past indebtedness requires no other or different consideration from any other contract. The legal quality of the consideration is determined without any regard to the character of the contract that is sought to be based upon it. A consideration being shown for the defendant's agreement, all its provisions alike are supported by it.

The case stated shows no ground for the claim that the plaintiff changed the terms of the contract by his dealings with Bailey. The very consideration of the guaranty was that Bailey should be restored to the relation of tenant at will. That tenancy was again terminated at the defendant's request, and the leasing to another party was its proper sequence. Neither change released the defendant from his contract of indemnity. *Mellen* v. *Nickerson*, 12 Gray, 445. There is nothing in the case to sustain the 4th and 5th positions taken by the defendant at the trial.

The ruling of the court upon the measure of damages was correct. It accords with the terms of the guaranty.

The last ruling, that " under the circumstances of this case it was not necessary to prove a formal demand upon and refusal by Bailey, or notice of such demand and refusal to the defendant," was also, in the opinion of a majority of the court, correct. The subject of the guaranty was the payment of certain sums at certain times, both absolute and fixed by the terms of the guaranty itself. It required no act of the plaintiff to precede the performance by Bailey, except the permission for Bailey to remain, which the defendant knew had been given. If Bailey made a corresponding agreement to do what the defendant agreed he should do, it was broken by the mere fact of non-payment, without demand upon him. The same fact was, of itself, a breach of the defendant's contract of guaranty. A forma

demand upon Bailey is not necessary to make his failure to pay the rent a breach of his obligation ; and the defendant's contract is simply that Bailey shall perform his agreement. But, whether Bailey made such a corresponding agreement or not, the defendant, by his guaranty, undertook that Bailey should perform certain specific acts ; and he is liable on his agreement for Bailey's failure to do those acts.

It is true, there are authorities to the effect that a demand upon the party primarily liable, and notice of his default given to the guarantor, are necessary, before any action can be maintained upon the guaranty. But the better doctrine, and that which seems to us to be best supported, both upon reasoning and authority, is that demand and notice are not essential prerequisites to an action, and need not be alleged nor proved, unless the terms of the guaranty, or the nature of the thing guaranteed, require such proceeding, in order to a proper fulfilment of the obligations imposed by the guaranty upon the party holding it, or in order to establish a default by the principal and a breach of the contract declared on. The necessity of such demand and notice is not incidental to the relation of guarantor and guarantee, as it is to that of indorser and indorsee. It must be derived, if it exist, from the terms of the contract, or the nature and circumstances of the particular case, and not from the general rule.

In a certain class of cases the writing of guaranty has been sometimes treated as a proposition only, requiring from the other party notice of its acceptance in order to make it take effect as a complete contract.

In another class, such as continuing guaranties, and guaranties of future credits of uncertain amount, with or without a fixed limit, it is held that, when the transactions are effected, the guarantor is entitled to be informed of the extent to which the credit has been availed of; that is, the amount of liability for which the guaranty is relied on. But this rule is generally held subject to a qualification that makes the effect of omission to give the notice within a reasonable time depend upon the question whether the guarantor has suffered any loss or been prejudiced thereby. And, in the great diversity of decisions and

opinions upon this subject, it is difficult to determine whether the notice is to be regarded as an essential condition of the con tract, or whether the want of notice, coupled with some preju- dice to the guarantor, furnishes a ground of defence merely. In *Babcock* v. *Bryant*, 12 Pick. 133, notice in such cases was held to be essential. But even in this view, the notice. does not serve to fix the liability of the guarantor as for a breach of the con- tract; it has no relation to any default of the principal debtor. Its office is to render fixed and absolute that which was indefi- nite and uncertain by the terms of the guaranty itself; to ripen into perfect obligation that which was originally an undertaking imperfect in the uncertainty of one of its terms. When such notice has been given the case will still stand, in principle, upon the same footing, as to the necessity of demand and further no- tice of default, as other cases of guaranty where the terms are absolute and the amount fixed.

Many of the authorities which seem to hold such demand and notice of default necessary are only attempts to extend or apply, without careful discrimination, the principles which relate to continuing guaranties. And generally, where demand and notice have been said to be necessary in guaranties upon notes or other absolute undertakings, the qualification has been recog- nized that the guarantor can insist upon such notice only when he is or may be prejudiced by the want of it. If it appear that the principal debtor was insolvent before default, or that he has continued as solvent since as before, the holder will be relieved from the duty to give the notice, or from all consequences of failure. The only question in such cases would seem to be, whether it is incumbent upon the plaintiff to allege and prove some excuse or equivalent for the demand and notice, as by showing that it would have been useless, or whether it is for the defence to show laches and loss, or prejudice therefrom. Prac- tically it is almost invariably treated as matter of defence, by way of discharge from the contract, and not merely as a defeat of the suit.

The authorities upon all sides of these various questions have been so numerously collected and thoroughly discussed in the

notes upon *Douglass* v. *Reynolds* and *Lent* v. *Padelford*, 2 Amer
Lead. Cas. 56, as to render citations here unnecessary. A de-
cision of this court, however, reported in *Ilsley* v. *Jones*, 12 Gray,
260, requires revision. In giving the reasons for the decision
upon the demurrer in that case, the court adopt a remark of
Lord Ellenborough in *Morris* v. *Cleasby*, 4 M. & S. 574, namely,
that " Where the form of action makes it necessary to declare
upon the guaranty, application to the principal must be stated
on the record. In all cases it must, if required, be proved."
But in *Morris* v. *Cleasby* the suit was not upon the guaranty,
and no question whatever was raised as to liability upon the
guaranty. The only point in the case was whether a broker
who had sold goods with a guaranty of payment, could, after
payment of the price by him to his principal, avail himself of all
rights of set-off against the assignees in bankruptcy of the pur-
chaser, as if he were himself principal in the transaction. In
the *dictum* quoted, Lord Ellenborough was not attempting to
state the precise conditions of recovery as between the guaran-
tor and the holder of the guaranty. Reference to those condi-
tions was of no importance, except for the purpose of deducing
therefrom some inference as to the relations of the guarantor to
the principal debtor. In this respect, that which was pertinent
was the consideration that the liability of the guarantor resulted
from the default of the principal debtor; not the facts which
would constitute a breach of the guaranty, nor the evidence by
which a breach might be proved. This language of Lord Ellen-
borough therefore cannot be taken as a declaration of the law
upon the point to which it is cited. That it was not so in-
tended, and is not even the opinion of that learned judge, is
shown by his concurrence in the previous decision of *Warrington*
v. *Furbor*, 8 East, 242, to the contrary. The case of *Thompson*
v. *Perkins*, 3 Mason, 232, is referred to as sustaining the decision
in *Ilsley* v. *Jones*. But the only question raised in that case was
whether notes taken by a factor, for goods sold under a *del
credere* commission, became the absolute property of the factor,
so that, upon his failure, the principal would have no right to
resort to the purchaser for the unpaid purchase money, or to

claim the notes or their proceeds in the hands of the assignees of the factor. The case contains no allusion to the question of the necessity of a demand, by the holder of the guaranty upon the debtor, except in the quotation of the same remarks of Lord Ellenborough which are relied on in *Ilsley* v. *Jones.*

The case of *Bickford* v. *Gibbs,* 8 Cush. 154, is also cited in support of the same position. But in *Bickford* v. *Gibbs,* demand and notice were expressly waived; so that the point was not really involved in that case. The remarks upon the necessity of demand and notice, which accompany that decision, must therefore be regarded merely as statements of what was supposed to have been decided by the cases there referred to ; and they profess to be nothing more. One of those cases, *Oxford Bank* v. *Haynes,* 8 Pick. 423, was upon a guaranty of a note. No notice was given of its non-payment. The case was decided for the defendant, not upon the ground of want of notice, but explicitly on the ground of laches and prejudice thereby to the guarantor. The court (Parker, C. J.) recognize as " reasonable and just " the distinction in which the guarantor " is discharged only by the joint effect of negligence on the part of the holder, and an actual loss or prejudice " to the guarantor in consequence of that negligence, (p. 428.) In *Dole* v. *Young,* 24 Pick. 250, there was no demand on the debtor except by letter, and no notice to the guarantor from the holder of the guaranty; but the debtor informed him of the letter to himself, and the guarantor replied that " he would attend to it; he should wait to be notified." The court (Shaw, C. J.) held the demand sufficient, and used this language : " It was the duty of the principal to come and pay his debt, and his failure to do so on notice by letter was a default, which rendered the defendant liable on his guaranty." The case of *Babcock* v. *Bryant,* 12 Pick. 133, was upon a continuing guaranty. The defence was based chiefly upon the neglect of the party holding the guaranty to give the guarantor notice of the amount of goods delivered to the principal debtor; and it is this notice which the court held to be essential to the maintenance of the action, and not demand upon the debtor, and notice of non-payment. In *Gibbs* v

*Cannon*, 9 S. & R. 198, it is distinctly held that demand and no-
tice are not essential, where they would be of no avail; and that
the guarantor would be liable " unless he proved he was preju-
diced by the want of notice." So far therefore as the decision
in *Ilsley* v. *Jones* rests upon the authority of adjudicated cases,
the cases relied upon fail to support it. But an examination of
the decision itself will show that it cannot be maintained as an
authority, and that as it stands it must be the result of some
misapprehension. The action was for the price of goods sold
by the defendant as the plaintiff's factor, upon commission with
guaranty. The declaration demurred to contains nothing from
which it would appear that the money was due, nor that it had
not been already paid by the debtor to the factor. In either
case there would be no default, and of course no breach of the
contract of guaranty declared on; and a demurrer upon this
ground would have been rightly sustained. *Crocker* v. *Gilbert*,
9 Cush. 131. But the cause of demurrer assigned was that the
declaration " did not allege that the plaintiff had endeavored
and been unable to collect the amount due on the sales of hay
and straw, from the purchaser, and had applied to him for the
collection of that amount." Now whatever may be the rule as
to demand and notice in ordinary cases, it would seem to be too
clear to admit of question that a factor, selling goods for his
principal, and whose duty it is to collect and remit the proceeds
of such sales, cannot insist that his principal shall himself under-
take the collection and notify the factor of his failure, before he
can call upon him to make good his guaranty. Yet that would
seem to be the result of the decision in *Ilsley* v. *Jones*. In this
respect it is entirely inconsistent with the law as recognized in
*Swan* v. *Nesmith*, 7 Pick. 224. We are therefore constrained to
think that the decision in that case was made solely upon the
insufficiency of the declaration, as failing to show a breach of
the contract of guaranty; overlooking the special grounds as-
signed for the demurrer. The opinion was drawn up for the
reports after the decease of the late Chief Justice, and from the
imperfect minutes of the decision left by him. This may ac-
count for the form in which it now appears. However that may

be, the case is far from satisfactory, and we cannot regard it as establishing a right view of the law upon that subject.

In a suit against a guarantor it is undoubtedly necessary to allege and prove a breach of the contract of guaranty; but it is only necessary to show such facts as would constitute a breach of the particular contract in suit. If the guaranty be for the performance of a specific act of another, and be absolute in terms, whatever is sufficient to show default in that other person will ordinarily show a breach of the contract of guaranty, and a right of action upon it. When a demand is not necessary to establish such default, the guarantor cannot require a demand to be made; at least, such demand is not necessary in order to fix the liability of the guarantor, as it is in case of an indorser. Where, however, other parties to a bill or note are discharged by neglect to present it for payment, or where it is made to appear that the bill or note would have been paid if it had been presented when due, it may be ground of discharge to the guarantor. But that stands upon other considerations. And so also, as we think, does the question of discharge for want of notice of the non-performance by the principal. Formal notice is not necessary in order to charge the guarantor with liability. All the cases agree that in this respect there is a distinction between an indorser and a guarantor. Negligence of the holder of the guaranty, in permitting the claim to slumber, when the guarantor might reasonably suppose it had been paid when due, or in the usual course of business, is the real ground on which the guarantor is exonerated. It is delay without notice, and not the bringing of a suit without notice, that is fatal to the holder of the guaranty.

This view of the law places guaranties upon the same footing with other contracts where the right of action accrues upon the performance or non-performance of some act by a third party In *Vyse* v. *Wakefield*, 6 M. & W. 442, it is said (Abinger, C. B.) " The rule to be collected from the cases seems to be this, tha where a party stipulates to do a certain thing in a certain spe cific event which may become known to him, or with which he can make himself acquainted, he is not entitled to any notice

unless he stipulates for it; but when it is to do a thing whicn lies within the peculiar knowledge of the opposite party, then notice ought to be given him." And, in the same case (Parke, B.), " When a specific act is to be done by a third party named" no notice is necessary. The same rule is laid down in 1 Chit. Pl. (6th Amer. ed.) 286, 287.

In the present case the point raised is simply upon the necessity of demand upon the debtor; and we think it clear that neither the terms of the guaranty nor the nature of the thing guaranteed required that any demand should be made. We have considered the question of notice, because that also was included in the instructions to the jury. There is nothing in this case to raise any question of laches by the plaintiff and prejudice to the guarantor. The circumstances show pretty conclusively that the defendant knew of the default of the principal debtor. If he did not know of it, it was from his own neglect to inform himself. He has not suffered from want of notice; and a formal demand and notice, as we have seen, are not necessary to charge him with liability, nor to entitle the plaintiff to maintain his suit. We are satisfied that the conclusions to which we have come upon the general rule as to demand and notice will best reconcile the great variety of decisions, and accord with the spirit of the relations between guarantor, guarantee and the principal debtor. Besides the cases already referred to, it may be useful to cite a few of the other authorities which sustain the positions we have sought to establish. *Hitchcock* v. *Humfrey*, 5 Man. & Gr. 559. *Walton* v *Mascall*, 13 M. & W. 72; *S. C.* Ib. 452. *Wilde* v. *Savage*, 1 Story R. 22. *Allen* v. *Rightmere*, 20 Johns. 365. *Douglass* v. *Howland*, 24 Wend. 35. *Brown* v. *Curtiss*, 2 Comst. 225. *Hammond* v. *Gilmore*, 14 Conn. 479. *Cooper* v. *Page*, 24 Maine 73. *Globe Bank* v. *Small*, 25 Maine, 366. *Gillighan* v. *Boardman*, 29 Maine, 79. *Train* v. *Jones*, 11 Verm. 444. *Peck* v *Barney*, 13 Verm. 93. *Thrasher* v. *Ely*, 2 Sm. & Marsh. (Miss.) 141. *Duval* v. *Trask*, 12 Mass. 154. *Salisbury* v. *Hale*, 12 Pick. 416–424. *Johnson* v. *Wilmarth*, 13 Met. 416. *Parkman* v. *Brewster*, 15 Gray, 27. *Protection Ins. Co.* v. *Davis*, 5 Allen 54.  *Exceptions overruled.*