W. S. BLOOM & CO., PLAINTIFFS IN ERROR, v. WARDER, MITCHELL & CO., DEFENDANTS IN ERROR.

1. **Practice:** FINDING NOT AGAINST EVIDENCE. In this case, *Held* That the preponderance of evidence was in favor of the view taken by the district court in its finding and judgment therein, and that it would have to be overwhelmingly opposed to it to justify a reversal of the judgment on that ground.

2. **Guaranty.** A guaranty in the following form: "For value received we guarantee the payment of the within note, and hereby waive protest, demand, and notice of non-payment thereof," *Held*, To be an absolute contract upon a lawful consideration that the money expressed in the note should be paid at the maturity thereof, at all events.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*D. W. Barker,* for plaintiffs in error, claimed that evidence showed that on a day mentioned the parties had made a complete and final settlement of all accounts, indorsements, &c., including liability of plaintiffs in error as indorsers of notes sued on; hence one who accepts with knowledge of all the facts the avails of a compromise made on his behalf, even without authority, thereby ratifies the settlement; and ratification in that manner of a part of the unauthorized transaction is a ratification of the whole. *Winpenny v. French,* 18 Ohio State, 469. The settlement was made by Witt, as agent, and defendants in error are bound by his acts. Swan's Treatise, 338. Story Agency, 135.

*H. W. Short,* for defendants in error.

Cobb, J.

There are but two questions presented by the record in this case: 1. Is the defendant below still bound by his guaranty of the payment of the notes? 2. Are the findings and judgment of the district court sustained by the evidence? Answering the second question first, there is a clear conflict between the testimony of the plaintiff in error on his own behalf, and his witness, Adams, on the one part, and the several witnesses whose depositions were read on the other part. There is some evidence in support of the plaintiff's theory of the case as to each material point; and indeed, taking into consideration the undisputed facts as to the amount of the open account between the parties, the amount of money paid by the defendant, and the circumstances connected with the guaranteed notes, we think the preponderance of testimony is with the view taken by the district court, and it would have to be overwhelmingly against it to justify this court in reversing the judgment on that ground.

As to the first question, we think there can be no doubt the notes sued on were all drawn payable to the order of the plaintiffs, Warder, Mitchell & Co., and were endorsed as follows:  " For value received we guarantee the payment of the within note, and hereby waive protest, demand and notice of non-payment thereof.   W. S. Bloom & Co."

This is an absolute contract for a lawful consideration, that the money expressed in the note shall be paid at the maturity thereof at all events, and depends in no degree upon a demand of payment of the maker of the note, or any diligence on the part of the holder.   See Brandt on Surety and Guaranty, sec. 170, and authorities there cited.

This case must be distinguished from cases of guaranty of collection of notes, in which class of cases it has been held that before an action would lie against the guarantor prompt and exhaustive steps must be taken to collect the money from the maker.   See authority above and cases cited at secs. 83 and 84.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.