JANE BUCHANAN ET AL., APPELLANTS, v. NATHAN K. GRIGGS ET AL., APPELLEES.

1. **Jurisdiction:** EQUITY. A court of equity, having obtained jurisdiction of a cause, will retain it for all purposes, and render such decree as will protect the rights of the parties before it, and thus avoid unnecessary litigation.

2. **Injunction to restrain enforcement of decree.** Where a decree has been improperly obtained, and a party defendant has been deprived of his defense by the conduct of the successful party, who had no cause of action, and whose rights had been adversely adjudicated in another suit, he will be enjoined from enforcing such decree.

MOTION to correct mandate, etc., in case reported 18 Neb., 121.

*L. M. Pemberton,* for appellants.

*Griggs & Rinaker* and *W. H. Ashby,* for appellees.

1. A court of equity will not issue an injunction to restrain the execution of its own decree. *McReynolds v. Harshaw,* 2 Ired. Eq., 196. *Rickett v. Johnson,* 8 Cal., 34. *Gorham v. Toomey,* 9 Cal., 77. *Platto v. Deuster,* 22 Wis., 482. *Dayton v. Relf,* 34 Wis., 86. *Endter v. Lennon,* 46 Wis., 299.

2. Where there is a statutory remedy for correcting a decree obtained by fraud such remedy is exclusive. *Tecumseh Town Site Case,* 3 Neb., 284. *Railroad Co. v. Whitacre,* 8 Ohio St., 590. *State v. Marlow,* 15 Ohio St., 114. Code Neb., § 602, subd. 4.

REESE, J.

This case was originally decided at the July term, 1885, of this court, and is reported in 18th Neb., page 121.

A mandate was issued in accordance with the judgment, and sent to the clerk of the district court from whence the appeal came.

On the 25th of May of the present year, the defendants again appeared in this court, and filed a motion seeking a change in, or correction of, the mandate, so as to make it apply only to this case. Plaintiffs also appeared and sought a modification of the decree in this court to the extent that the cause should not be remanded to the district court, but that a final decree shall be entered here, making the injunction perpetual.

We have again considered the whole case, and are confirmed in our belief that the prior holding was correct, and that the foreclosure of the mortgage executed by Samuel Jones to John Armstrong was an extinguishment of all the rights of John Jones and his grantees, Griggs and Ashby, and that the proceedings instituted by them to foreclose the mortgage made to them by John Jones cannot be maintained.

It is a well-settled principle of equity jurisprudence that where a court of equity has obtained jurisdiction of a cause for any purpose it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation. *Swift v. Dewey et al., ante* p. 107.

The issues formed in the district court, and upon which the trial was had, presented all the questions which could have been litigated in the cause. Proofs were taken at length, and all the questions in the case were presented to the court for adjudication. Upon more mature deliberation we are all of the opinion that the proper decree for the district court to have rendered would have been to perpetually enjoin further proceedings in the foreclosure suit founded upon the mortgage executed by John Jones to Griggs and Ashby. Such being our view of the case, a decree will be so entered in this court.

DECREE ACCORDINGLY.

THE other judges concur.