ISAAC L. HUFF, PLAINTIFF IN ERROR, V. JAMES SLIFE, DEFENDANT IN ERORR.

1. **Guaranty:** LIABILITY OF GUARANTOR. One who before maturity unconditionally guarantees the payment of a promissory note becomes absolutely liable upon default of the maker. *Hungerford v. Brown*, 34 N. W. Rep., 161.

2. ———: ———. The mere neglect of the holder of a note to sue the maker, does not discharge the guarantor, although the maker becomes insolvent. *Brown v. Curtiss*, 2 Comstock, 225.

ERROR to the district court for Adams county. Tried below before MORRIS, J.

*O. B. Hewett,* for plaintiff in error, cited: Daniels on Neg. Inst., Vol. 1, 528, Secs. 667, 669, 697. Bouvier's Law Dictionary, defining "endorsement," note 6. Brandt on Suretyship and Guaranty, Secs. 79, 84, 168, 169. Wait's Act. and Def., Vol. 7, 364, Sec. 1. *Green v. Dodge,* 2 Ohio Rep., 431 to 440, and notes. *Newton Wagon Co. v. Diers,* 10 Neb., 289, and cases there cited.

*J. M. Ragan* and *J. B. Cessna,* for defendant in error, cited: *Hance v. Miller,* 21 Ill., 636. *Burnham v. Gallentine,* 11 Ind., 295. *Heard v. Dubuque County Bank,* 8 Neb., 10.

REESE, CH. J.

This action was founded upon the guaranty of the payment of a promissory note. The note was executed by one Zenas Farrer, to plaintiff in error, on the 12th day of March, 1881, and payable on the first day of October of the same year, to plaintiff in error or order. The guaranty endorsed upon the note was in the following language: "I guarantee the payment of the within note. I. L. Huff."

The answer of the plaintiff in error, filed in the district court, alleges that the note was sold and delivered to defendant in error by plaintiff in error, before maturity, and that the guaranty was executed at the time of the sale, and delivered as an endorsement, for the purpose of transfer and assignment in the ordinary course of business; that defendant in error had neglected to make any effort to collect the note from the maker thereof, and that it was not presented to him and payment demanded when it became due, and that plaintiff in error was not notified of the non-payment of the note until long after its maturity, and a few days before the commencement of the action; that at the time the note became

29

due, the maker was solvent, and collection could have been made; but, that since said time, he had become insolvent, and the means of security held by plaintiff in error had been lost, by reason of the neglect of defendant in error to seasonably notify him of such non-payment.

The reply admits the purchase of the note before its maturity, but denies each and every other allegation of the answer.

The cause was tried to a jury.    Upon the trial defendant in error offered as evidence the note, with the guaranty written thereon, as hereinbefore set out, and rested his case.

Plaintiff in error then called as a witness Zenas Farrer, the maker of the note, and inquired of him whether the note was presented to him at the time it became due, and whether any demand was made upon him by plaintiff in error, as the holder thereof.    Objection was made to this question, for the reason that the evidence sought thereby was incompetent and immaterial, which objection was sustained by the court.    He was then asked to state if the note was secured in any manner.    And again, whether he was able to pay it at the time it became due, and when he first learned that this note was in the possession of the present holder, defendant in error.    These questions were objected to for substantially the same reason as that interposed to the first question, and the plaintiff in error, after taking exceptions, rested his case.

It is said in the transcript that the court then instructed the jury and they retired to consider their verdict, but we find no instruction set out in the transcript.    Neither do we find any assignment of error in the motion for a new trial, which attacks the instruction given to the jury by the trial court; the grounds of the motion for a new trial being:

"1st.    That the verdict and judgment is not sustained by sufficient evidence, and is contrary to law.

"2d. For errors of law occurring on the trial, and duly excepted to by the defendant."

The jury returned a verdict in favor of defendant in error for the amount due upon the note, and upon which verdict, after the motion for a new trial had been overruled, judgment was entered.

Plaintiff brings the cause to this court by proceedings in error, alleging as the grounds thereof that the court erred in excluding the testimony offered by plaintiff in error, and in overruling the motion for a new trial.

The only question involved is, whether the district court erred in refusing to permit plaintiff in error to prove the allegations presented in his answer—that no notice was given plaintiff in error of the failure of the maker to pay the note, and the failure of the holder to institute seasonable proceedings against the maker, he having become insolvent after the maturity of the note.

These questions were in part before this court in *Bloom v. Warder*, 13 Neb., 476, and it was there held that a guaranty of payment, with waiver of protest, demand, and notice of non-payment endorsed upon the note, was an absolute contract upon a lawful consideration, that the money expressed in the note should be paid when due, at all events, and without reference to the diligence of the holder or the ability of the maker to pay.

This case, however, being somewhat different from that one, we have re-examined the question, and conclude that the district court did not err in its ruling upon the objection to the proffered testimony.

The decision of courts upon this question are not uniform, and cannot be harmonized, but we think that the great weight of authority is in favor of the doctrine held by the district court.

We note the following cases, which are nearly all directly in point: *Hungerford v. O'Brien*, 34 N. W. Rep., 161. *Allen v. Rightmere*, 20 Johnson, 364. *Brown v.*

*Curtiss*, 2 Comstock (N. Y.), 225. *Roberts v. Riddle*, 79 Pa. St., 468. *Peck v. Frink*, 10 Iowa, 193. *Fuller v. Tomlinson* (Ia.), 12 N. W. Rep., 127. *Clay v. Edgerton*, 19 O. St., 549. *Roberts v. Hawkins* (Mich.), 38 Albany Law Journal, 66.

These cases go upon the theory that the guaranty is absolute and unconditional, and not like the conditional contract of endorsement, which is to pay on demand being made on the maker, and notice of dishonor given to the endorser in case payment is not made by the maker.

In *Brown v. Curtiss, supra*, Judge Bronson, in delivering the opinion of the court, says, that in such cases the guarantor is neither the maker nor endorser of a promissory note. "On the contrary, he has, in very plain terms, made a contract of a different kind from either of those— one well known to the law; and by that contract he must either stand or fall. He has guaranteed the payment of G. F. Brown's note; and we·have no right to turn that contract into one of a different kind. This is so plain a principle that it would seem to be enough to mention it without saying anything more."

But the writer of that opinion enters upon a thorough discussion of the question, in which a great number of cases are cited and considered.

In *Clay v. Edgerton, supra*, Chief Justice Brinkerhoff, in writing the opinion, says: "We are aware that cases may be found in which the point has been ruled otherwise, but it would seem to us that the reasoning of Bronson, judge, in *Brown v. Curtiss*, is unanswerable and irresistible."

The latter case was one in which, as in this, the holder of a promissory note transferred it, and endorsed thereon the following: "I guarantee the payment of the within note to C. Edgerton, or order. Isaac Clay." It was held that this was an absolute and unconditional guaranty, and no affirmation in the petition of demand and notice was

requisite to make a *prima facie* case for recovery upon it.

This case would dispose of that portion of the answer of plaintiff in error which seeks to defend upon the ground that no demand had been made, nor notice given, of nonpayment.

In *Allen v. Rightmere*, Chief Justice Spencer, in delivering the opinion of the court, which was in a case similar to the one at bar, says: "The undertaking here is not conditional, it is absolute, that the maker shall pay the note when due, or that the defendant will himself pay it." If, then, the contract of plaintiff in error was absolute and unconditional, it would follow that the district court did not err in its rulings upon the testimony offered, and that the judgment should be affirmed, which is done.

JUDGMENT AFFIRMED.

THE other judges concur.