WILLIAM S. FLENTHAM, APPELLANT, V. DANIEL O. STEWARD ET UX., IMPLEADED WITH JAMES W. DAWES ET AL., APPELLEES.

FILED JUNE 22, 1895.     No. 5693.

1. **Action Against Receiver Without Leave of Court:** VOLUNTARY APPEARANCE: WAIVER: JURISDICTION. D. & F., copartners, guarantied in writing the payment of a debt secured by a real estate mortgage. Litigation ensued between them, and a receiver was appointed to take charge of the copartnership property. The holder of the mortgage brought suit to foreclose the same, making D. & F. and their receiver parties defendant without leave of the court which appointed the receiver. D. & F. and the receiver entered their voluntary appearance to the foreclosure suit. The receiver filed an answer in the nature of a cross-petition setting up a second mortgage

belonging to D. & F., on the premises in controversy, and was by the decree of the court awarded a foreclosure of such mortgage. The property was duly sold, and after applying the proceeds of the sale to the satisfaction of the decree there still remained a considerable sum due thereon. The holder of the first mortgage then filed a motion for a personal judgment against D. & F. and their receiver for the balance due on his decree. This motion was resisted on the ground that the receiver had been sued without leave of the court which appointed him, and that therefore the court in which the mortgage foreclosure suit was pending had no jurisdiction over him. *Held*, (1) That the general rule is that a receiver may not be sued without leave of the court which appointed him; (2) but if this rule is applicable to such a case as the one at bar, then the fact that a receiver has been sued without leave is a matter of defense for him in the action where sued; (3) that the suing a receiver without permission does not render invalid the process of the court served on him nor prevent the jurisdiction of the court in which he is sued from attaching to his person; (4) that a judgment pronounced against a receiver so sued is not absolutely void for want of jurisdiction; (5) that the receiver having voluntarily entered his appearance in the action, and having asked the court for and obtained affirmative relief, must be presumed to have submitted himself to the jurisdiction of the court and to have waived the defense of being sued without leave of the court which appointed him.

2. **Mortgages**: Deficiency Judgments. The district courts of this state in suits brought therein for the foreclosure of mortgages, on the coming in of the report of sale of the mortgaged premises, are authorized to render a personal judgment and award execution for any deficiency remaining unpaid on the decree. (Sec. 847, Code of Civil Procedure.)

3. **Courts of Equity**: Jurisdiction. When a court of equity acquires jurisdiction over a case for any purpose it may retain the cause for all purposes and proceed to a final determination of all the matters at issue in the case. *Morrissey v. Broomal*, 37 Neb., 766, followed.

4. **Guarantor of Note**: Liability. One who before maturity unconditionally guaranties the payment of a promissory note becomes absolutely liable upon the default of the maker; and the neglect of the holder of such note to sue the maker does not discharge such guarantor, although the maker becomes insolvent during the time the holder neglects to sue. *Huff v. Slife*, 25 Neb., 448, followed.

45

APPEAL from the district court of Hitchcock county.
Heard below before WELTY, J.

*Sawyer & Snell, Victor Seymour,* and *J. E. Cochran,* for
appellant.

*James W. Dawes* and *F. I. Foss, contra.*

RAGAN, C.

On the 5th of August, 1889, one Daniel O. Steward
made in writing of said date his promissory note for $500,
due on August 1, 1894, with interest at the rate of seven
per cent per annum, payable annually, such interest evi-
denced by coupons or interest notes of $35 each, attached
to said principal note. This principal note and coupons
were made payable to the order of one Dan. H. Cole. To
secure the payment of said debt Steward executed to Cole
a mortgage upon certain real estate in Hitchcock county.
This mortgage debt Cole duly assigned to William S. Flent-
ham. The notes and mortgages were executed by Stew-
ard to Cole in consideration of a loan of $500 made by the
latter to Steward in August, 1889. The loan was nego-
tiated by Dawes & Foss, copartners, and at the time of the
delivery of the notes, coupons, and mortgage to Cole, Dawes
& Foss, in writing, guarantied the payment of said princi-
pal note and the coupons. It appears also that Steward
paid, or promised to pay, Dawes & Foss a certain compen-
sation for procuring this loan for him, and to secure the
compensation promised Steward gave Dawes & Foss a sec-
ond mortgage upon the same real estate which he had pledged
to Cole. It appears that trouble arose between James W.
Dawes and Fayette I. Foss, the individuals composing
the copartnership of Dawes & Foss, that litigation ensued,
and that the court in which such litigation was instituted
appointed one Charles C. White receiver of the effects
of said copartnership of Dawes & Foss. Default hav-

ing been made in the payment of the mortgage debt,.
William S. Flentham, Cole's assignee, brought suit in the
district court of Hitchcock county to foreclose the mort--
gage.   Daniel O. Steward and his wife, James W. Dawes,.
Fayette I. Foss, and Charles C. White as receiver of
the copartnership effects of Dawes & Foss, were made
parties defendant to the action.   The connection of Steward
and wife with the case need not be noticed.   Dawes & Foss
and White, the receiver, entered their voluntary appear--
ance to the suit of Flentham.   In due time a decree was
rendered finding the amount due Flentham on his mortgage
debt and giving him a . first lien upon the mortgaged
premises to secure its payment.   The court also found the
amount due Dawes & Foss and the receiver on the second
mortgage given to them by Steward, and that Dawes &
Foss and the receiver had a second lien upon the mortgaged
premises to secure the amount found due them.   The real
estate was then sold by the sheriff at public auction and
purchased by Flentham.   After applying the amount bid
at the sale towards the payment of Flentham's decree and
the costs of the foreclosure proceedings there still remained
a balance due on his decree.   Flentham moved the court
for a personal judgment against Dawes & Foss and the
receiver for the balance remaining unpaid on the decree.
The district court denied this motion, and from this order
Flentham has appealed.   In the petition filed by Flentham
for the foreclosure of his mortgage he averred that Dawes
& Foss had guarantied in writing the payment of the mort-
gage debt, setting out a copy of the guaranty, and that
White had been appointed receiver of the effects of the·
copartnership of Dawes & Foss; and prayed in the peti--
tion for a personal judgment against Dawes & Foss and
White, as receiver, for any deficiency that might be due him,
after applying the proceeds of the sale of the mortgaged
property towards the liquidation of the mortgage debt.
To sustain this decree counsel for the appellees contend :

· 1. That as the copartnership effects of Dawes & Foss
were in the hands of a receiver the latter could not be sued
without leave of the court which appointed him, and as
such leave was not obtained, the district ·court of Hitch-
cock county had no jurisdiction over the copartnership of
Dawes & Foss, nor over the person of the receiver. The
general rule undoubtedly is · that a receiver may not be
sued without leave of the court which appointed him; but
if this rule is applicable to such a case as the one at bar it
would seem that the fact that the receiver had been sued
without leave of the court appointing him was a matter
·of defense for the receiver, and that the suing him with-
out permission of the court which appointed him would
not of itself render invalid the process of the court served
on him, nor prevent the jurisdiction of the court in which
he was sued from attaching to his person; and that a
judgment pronounced against such receiver would not be
absolutely void for want of the court's jurisdiction over
him, because the record did not ·disclose that the party
bringing the suit had first obtained leave of the court who
appointed the receiver to sue him. The receiver hav-
ing voluntarily entered his appearance in this action, and
not having objected to the jurisdiction of the court over
him in any manner, and having asked the court for and
obtained affirmative relief in the action by taking a decree
on the mortgage of Dawes & Foss, the question of the
jurisdiction of the district court over the receiver comes
too late, and he must be deemed to have submitted himself
to the jurisdiction of the court and to have waived the de-
fense of being sued therein without leave of the court
which appointed him. (*In re Young*, 7 Fed. Rep., 855;
*Naumburg v. Hyatt*, 24 Fed. Rep., 898; *Hubbell v. Dana*,
·9 How. Pr. [N. Y.], 424; *Jay's Case*, 6 Abb. Pr. [N. Y.],
·293.)

2. A second argument insisted on to sustain the correct-
ness of the decree is that the record does not show that

Foss, of the firm of Dawes & Foss, ever guarantied the payment of the mortgage debt. This contention is wholly without merit. The guaranty made by Dawes & Foss of the payment of this mortgage debt was in writing and became and was a joint and several obligation of the members composing this copartnership.

3. A third contention is that the decree was correct because Dawes & Foss and the receiver had no notice of Flentham's application for a deficiency judgment. The recital in the record is as follows : " Now on this the 2d day of June, 1892, * * * this cause coming on for confirmation, * * * the defendants are allowed by the court until June 3, 10 o'clock A. M., to show cause why said sale should not be confirmed and deficiency judgment rendered against James W. Dawes and Fayette I. Foss, etc. * * * And now on this 3d day of June, 1892, the defendants having failed to show cause why said sale should not be confirmed, * * * it is ordered that said proceedings be and they are hereby approved, ratified, and confirmed. * * * And thereafter the same day the cause came further on for hearing on motion of plaintiff for deficiency judgment against the defendants James W. Dawes and Fayette I. Foss, in consideration whereof the court overruled said motion," etc. Here then is a recital in the record that Dawes & Foss had actual notice of the application by Flentham for a deficiency judgment; that they applied for and were given time in which to resist said application.

4. Another contention in support of the decree is that the rendering of a deficiency judgment in a mortgage foreclosure case is the exercise by the court of its legal functions; and that a court of equity has no jurisdiction to render such judgment. Section 847 of the Code of Civil Procedure expressly authorizes the district courts of this state, in a suit for the foreclosure of a real estate mortgage, on the coming in of the report of sale of the mortgaged premises,

to decree a judgment and award execution for any deficiency remaining unpaid on the decree after the sale of the mortgaged property. The familiar principle is that when a court of equity acquires jurisdiction over a cause for any purpose, it may retain the cause for all purposes, and proceed to a final determination of all the matters at issue in the case. (*Morrissey v. Broomal*, 37 Neb., 766; *Buchanan v. Griggs*, 20 Neb., 165.)

5. The final contention in support of the decree is that the record does not show that Flentham had exercised due diligence to collect the mortgage debt; and that therefore the guarantors of the debt had been released from their obligation. No such defense was interposed by Dawes & Foss or their receiver in the court below; nor is there in the record any evidence on the subject whatever. Nor do we think that any laches or want of diligence on the part of Flentham in his efforts to collect this mortgage debt would afford any defense to Dawes & Foss. In *Huff v. Slife*, 25 Neb., 448, this court held that one who before maturity unconditionally guaranties the payment of a promissory note becomes absolutely liable upon the default of the maker; and that the mere neglect of the holder of a note to sue the maker does not discharge the guarantor although the maker becomes insolvent.

The decree appealed from is reversed, and the cause remanded to the district court with instructions to render a personal judgment against James W. Dawes and Fayette I. Foss, and Charles C. White as receiver, for the amount remaining unsatisfied on the decree in favor of Flentham.

REVERSED AND REMANDED.