THE WARDER, BUSHNELL & GLESSNER COM-
PANY, Respondent, v. J. E. JOHNSON, Appellant.

Kansas City Court of Appeals, November 6, 1905.

1. **JUSTICES' COURTS: Appeal: Guaranty.** Plaintiff filed with
the justice a note, on the back of which was indorsed defend-
ant's guaranty. The justice noted on his docket "action on
note." On appeal the trial was on the guaranty. *Held,* the con-
tention that a different cause of action was tried in the circuit
court than in the justice's court can not be sustained.

2. ———: ———: ———: **Statement.** In an action against a guar-
antor in a justice's court it is sufficient to file the guaranteed note
and it is not required to state the facts which rendered the de-
fendant liable; nor will the mistake of the justice in noting
that the action is on a note, affect a judgment on appeal.

3. **GUARANTY: Enforcing Security: Diligence.** In an action
against a guarantor, mere neglect to enforce a security or to
show diligence in collecting the same will not constitute a de-
fense.

4. ———: **Consideration: Agent.** Evidence relating to a guar-
anty by an agent of the creditor to sell machines and turn in
solvent note, is considered, and held to establish a sufficient
consideration to support the guaranty.

Appeal from Atchison Circuit Court.—*Hon. W. C. Elli-
son,* Judge.

AFFIRMED.

*W. R. Littell* for appellant.

(1) It is a well-settled rule in this State that a
cause of action cannot be changed on appeal and a new
cause substituted. R. S. 1899, sec. 4077; 33 Mo. App.
50; 46 Mo. App. 275; 67 Mo. App. 255. (2) The guar-
antor has the right to avail himself of any defense
that the maker has to the contract. 141 Mo. 443, and
cases cited. (3) That which avoids the obligation of
the principal releases the guarantor. 27 Mo. App. 371.

(4) A creditor seeking to charge a person as a guarantor must file a statement with his suit setting up that fact and unless he does he cannot recover on the guaranty. This is a jurisdictional fact and cannot be waived. (5) If a creditor holds a valid lien on the property of the principal debtor, he must hold it and if he fails to enforce it the surety or guarantor is released, and the decisions modifying the rule as suits against guarantors has not modified this rule. 75 Mo. 310; 49 Mo. App. 561; 78 Mo. 67; 73 Mo. 315. (6) Guaranty is an independent contract and is distinct from the original contract and requires a new and separate contract and consideration to support it. In this case there is no consideration. 141 Mo. 443; 92 Mo. App. 242; 73 Mo. App. 140; 54 Mo. 45; 67 Mo. 661; 93 Mo. App. 655.

*John A. Gerlash* for respondent.

(1) Where the instrument sued on is in writing purporting to have been signed by defendant, and the debt can be ascertained by the instrument, no other statement is required. R. S. 1899, sec. 3852; 7 Mo. App. 595; 66 Mo. App. 70; 72 Mo. 274. (2) Credit on balance sheet good consideration. 82 Mo. App. 188. Compromise of doubtful claim good consideration. 82 Mo. 534; 132 Mo. 678. Want of consideration must be proven. 30 Mo. App. 289; 34 Mo. App. 360. (3) Party holding mortgage is required to do no affirmative act to preserve the security. 49 Mo. App. 563; 116 Mo. 51. (4) Mistake of justice in making docket entries describing nature of suit does not deprive justice of jurisdiction. 68 Mo. App. 561; 71 Mo. App. 42; R. S. 1899, sec. 4031. (5) No diligence in collecting required to hold guarantor. 66 Mo. App. 22; 20 Mo. App. 636; 48 Mo. 525; 26 Mo. App. 549.

ELLISON, J.—The defendant guaranteed the payment of a note given by J. D. Younger to the plaintiff. He was sued before a justice of the peace. The case was

appealed to the circuit court where plaintiff obtained judgment.

The defendant claims that a different cause of action was tried in the circuit court from that which was tried in the justice's court. The only paper filed with the justice was the note itself, with defendant's written guaranty of payment endorsed on the back thereof. It seems that the justice entered on his docket the words, "Action on a note." From the fact that no separate statement of plaintiff's cause of action was filed with the justice, and that the justice made the entry on his docket just referred to, defendant insists that the cause of action tried before the justice was on a note, and that the cause of action tried before the circuit court was on the guaranty, and that thereby the statute requiring the same cause of action to be tried on appeal that was tried before the justice, has been violated. As a part of defendant's contention, he argues that merely filing the note with the justice was not sufficient as a cause of action on a guaranty; that there should also have been filed a written statement.

The statute (Section 3852, Revised Statutes 1899), provides that the plaintiff shall file with the justice the instrument sued on. When the debt can be ascertained from such instrument, nothing else need be filed. In this case the defendant's obligation is written upon the back of the note, and is signed by him. Notwithstanding there is nothing on the paper to show a state of facts necessary to hold a guarantor, it is nevertheless sufficient; for one need not set forth, in such cases, the facts whereby a defendant's obligation has become fixed. [Collins v. Burrus, 66 Mo. App. 70.]

Nor should any mere inadvertence or mistake of the justice of the peace in stating, by way of memorandum on his docket, the character of the suit have any effect upon its true character, when that plainly appears from the paper itself. [Randall v. Lee, 68 Mo. App. 561.] Such mistake of the justice (conceding it to have been

a mistake), would not have affected the judgment rendered by him (Section 4031, Revised Statutes 1899); neither should it affect such judgment on appeal.

The note upon which defendant endorsed his guaranty represented a part of the purchase money for a machine sold by defendant, as plaintiff's agent, to Younger. Defendant at some time after the sale took a chattel mortgage of Younger to secure the payment of the note. Though there was some dispute about it, we will assume that plaintiff accepted the mortgage, and that no steps have been taken to foreclose it. As the defendant's guaranty is an absolute guaranty of payment, no mere neglect by the payee to enforce the security can avail the guarantor. [Osborne v. Lawson, 26 Mo. App. 549; Hill v. Combs, 92 Mo. App. 242; English v. Seibert, 49 Mo. App. 563.] Nor is it necessary that the creditor show any diligence in collecting. [Baskin v. Crews, 66 Mo. App. 22.] The cases cited by defendant are not applicable. They refer to instances where the creditor releases some security which he held.

Another point against the judgment is that there was no consideration for the guaranty. We think there was. As before stated, the defendant was plaintiff's agent for the sale of machines. He and plaintiff had a written contract, whereby it was agreed that defendant should only take the notes of solvent persons in extending credit on sales made by him. It was further agreed that when plaintiff received from defendant notes representing purchase money on such sales, that it could return them any time within six months, if discovered to be given by insolvent parties, and could demand of defendant either cash or other notes. In this case the evidence tended to show that plaintiff took the note in question for investigation, and finding it unsatisfactory, returned it to defendant, who thereupon made the guaranty in controversy, when plaintiff accepted the note and credited defendant on its books with the amount thereof. This was consideration amply sufficient.

A careful examination of all points made against the judgment satisfies us that it should be affirmed. All concur.