MASTERS *et al.* v. BOYES *et al.*

No. 3900. Opinion Filed December 22, 1914.

(145 Pac. 363.)

**GUARANTY—Defense—Notice—Insolvency.**    Under an absolute and unconditional guaranty, the duty is upon the guarantor to see that his contract of guaranty is fulfilled, and that the obligations of the principal are discharged at maturity; in the absence of fraud which may be the proximate cause of damage to the guarantor, a lack of notice and demand, or the fact that the principal at maturity of the obligation was solvent and afterward became insolvent, does not constitute a defense that will discharge the guarantor from liability.

(Syllabus by Harrison, C.)

*Error from District Court, Noble County;*
*Wm. M. Bowles, Judge.*

Action by H. L. Boyes and another against Geo. A. Masters and others. Judgment for plaintiffs, and defendants bring error. Affirmed.

*John J. Jones, James W. Reid,* and *James A. Allen,* for plaintiffs in error.

*Harris & Nowlin* and *W. H. Zwick,* for defendants in error.

Opinion by HARRISON, C. This was an action by H. L. Boyes and the Farmers' & Merchants' Bank of Perry, of which H. L. Boyes was president, against George A. Masters and S. A. Wickard, upon a promissory note for $2,564.75, executed by S. A. Wickard and George A. Masters as collateral security for the payment of a note of like amount executed on the same day by the Stanley Basin Dredging Company. From the judgment in favor of plaintiffs, defendants appeal. The question involved is presented in plaintiffs in error's brief in the following language:

"Does plaintiffs' neglect and failure to collect, or attempt to collect, from the Stanley Basin Dredging Company its note,

while it was solvent, and the subsequent disbursement by the Stanley Basin Dredging Company of its assets and consequent insolvency resulting in complete loss to the defendants, when properly pleaded, constitute a defense?"

The material facts are: That the Stanley Basin Dredging Company became indebted to the Farmers' & Merchants' Bank to the amount of $2,564.75 on overdrafts drawn by Geo. A. Masters, which, upon the written request of S. A. Wickard and his personal promise to see that same would be paid, the bank had honored. Not being able to pay the overdraft, the dredging company executed its note for the amount thereof, and, as a guaranty that such note would be paid at maturity, S. A. Wickard and George A. Masters executed their promissory note to the bank for a like amount. Wickard's and Master's note was indorsed as follows:

"This note is given as collateral to a note given by the Stanley Basin Dredging Company, by Wickard, per Jarrett, Secy., for the same amount and same date, and to be void if said Stanley Basin Dredging Company note is paid when due."

S. A. Wickard was president of the Stanley Basin Dredging Company, and George A. Masters was the person who had drawn checks in the name of the dredging company on the Farmers' & Merchants' Bank. The dredging company's note was signed by S. A. Wickard as president, and J. H. Jarrett as secretary, thereof, under the corporate seal of said company. Upon the dredging company's failure to pay its note at maturity, the bank brought suit and obtained a judgment against it for the amount of the note. An execution was issued against the dredging company and returned unsatisfied. Thereafter an alias execution was issued, which was also returned unsatisfied. Whereupon H. L. Boyes and the bank brought suit against S. A. Wickard and George A. Masters as guarantors of the payment of the dredging company's note, with the result above stated.

It is claimed by plaintiffs in error that the dredging company was solvent at the maturity of its note, but was insolvent at the time this suit was instituted, and that, if the bank had

exercised due diligence in the collection of the dredging company's note at maturity, or had given notice to Wickard and Masters of the dredging company's default, or made demand on them, they could have protected themselves from loss while the dredging company was solvent. Hence the pivotal point in the question presented here is whether the failure of the bank to give notice and make demand constituted a defense to plaintiffs' action. A number of authorities are cited by plaintiffs in error, among which is *Wood v. Farnham,* 1 Okla. 375, 38 Pac. 867, 20 Cyc. 1470, and authorities cited in note, in support of the contention that, where it can be affirmatively shown that a guarantor has sustained damage from want of notice, such damage will constitute a defense *pro tanto.* Not dissenting from the decisions cited by plaintiffs in error in cases where they are applicable to the conditions set forth in the contract of guaranty and the facts in the case, and aside from the plain language of our statutes, we cannot be constrained to believe that defendants herein sustained any damage from lack of notice. The facts are that Masters issued the overdrafts which created the indebtedness against the dredging company, and which were honored by the bank, upon the written request of Wickard, the president of the dredging company. Wickard and Jarrett, as president and secretary, respectively, of the company, signed the company's note, and on the same day, and as part of the same transaction, Wickard, the president of the company, and Masters, the man who had drawn the overdrafts, gave their personal note as a guaranty that the dredging company's note would be paid. It also appears from plaintiffs in error's testimony that subsequently to these transactions the dredging company declared a 10 per cent. dividend on a $45,000 capital stock, which dividend of $4,500 was disbursed among the stockholders of the company. Under this state of facts we cannot believe that the officers of the dredging company did not have actual knowledge of the maturity of the company's obligations, or that any damage they may have sustained was due to a lack of notice.

But if the facts in the case at bar did not take it out of the rule contended for in the cases cited by plaintiffs in error, the plain provisions of our statutes would themselves do so. Section 3573, Comp. Laws 1909 (Rev. Laws 1910, sec. 1026), defines a guaranty as follows:

"A guaranty is a promise to answer for the debt, default or miscarriage of another person."

Section 3583 (Rev. Laws 1910, sec. 1036) reads:

"A guaranty is to be deemed unconditional unless its terms import some condition precedent to the liability of the guarantor."

Section 3584 (Rev. Laws 1910, sec. 1037) reads:

"A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice."

In view of these statutes we are not persuaded to follow what appears to us as *dictum* in *Wood v. Farnham,* 1 Okla. 375, 33 Pac. 867, nor that in *Vinal v. Richardson,* 95 Mass. (13 Allen) 528. In *Wood v. Farnham, supra,* on page 377 of 1 Okla., on page 868 of 33 Pac., it is true that the court used the following language:

"In the case at bar, if the appellant suffered any loss or damages by the default, negligence, or laches of the appellee, it is a proper matter of defense."

But in this case the court also held:

"In a complaint against a guarantor of a promissory note, it is not necessary to allege diligence on the part of the payee to make collection from the maker of the note; and a complaint failing to allege such diligence is not bad on demurrer."

Section 3 of the syllabus in this case is as follows:

"The guarantor of a promissory note is liable at once on the maturity of the note, if such note be not paid by the maker. The fact that the note is not paid at maturity fixes the liability of the guarantor."

In *Vinal v. Richardson, supra,* the Massachusetts court said:

"Practically it is almost invariably treated as a matter of defense, by way of discharge from the contract, and not merely as a defeat of the suit."

In *Welch v. Walsh*, 177 Mass. 555, 59 N. E. 440, 52 L. R. A. 782, 83 Am. St. Rep. 302, the Massachusetts court not only held this language to be *obiter*, but also inconsistent with *Insurance Co. v. Simmons*, 131 Mass. 85, 41 Am. Rep. 196, and in the same opinion, the court said:

"And we are of the opinion that, when the obligation of the guarantor is to pay a definite sum at a definite time, it is his duty to see that the sum guaranteed is paid, and that there is no duty on the creditor to give notice to the guarantor of a default in payment by the principal debtor, and that, if the guarantor, in violation of his duty, has slumbered because he supposed that, in the absence of a demand by the creditor the act guaranteed had been performed by the principal debtor, and has suffered damage from so doing, he has nothing of which he can complain but his own negligence, and is liable to pay the sum which he guaranteed should be paid."

In *Bank of Newbury v. Sinclair*, 60 N. H. 100, 49 Am. Rep. 307, the court said:

"The terms of a guaranty seem to impose on the guarantor the duty of seeing whether the principal pays. If the principal does not pay, and the guarantor sustains loss through ignorance of his default, the loss is owing to his own negligence, and it seems much more appropriate that it should be borne by him than by the person to whom he has agreed to be answerable upon the principal's default. * * *"

This rule, which is supported by the weight of both English and American authorities, places the duty upon the guarantor to see that his contract of guaranty is fulfilled, and this doctrine is given voice by our Legislature in the above statute, which, in fixing the liability upon the guarantor immediately upon the default of the principal, logically imposes upon him the burden of seeing that his contract of guaranty is fulfilled at maturity. See *Lumber Co. v. Eldridge*, 171 Mass. 516, 51 N. E. 9, 41 L. R. A. 617, 68 Am. St. Rep. 446; *Cobb v. Little*, 2 Greenl. (Me.) 261, 11 Am. Dec. 72. And it is equally well

settled that proof that the principal was solvent at the time of the maturity of his note, and afterwards became insolvent, constitutes no defense to an action against the guarantor. See *Brown v. Curtiss,* 2 N. Y. (Comst.) 225; *Roberts v. Hawkins,* 70 Mich. 566, 38 N. W. 575; *Flentham v. Steward,* 45 Neb. 640, 63 N. W. 924; *Huff v. Slife,* 25 Neb. 448, 41 N. W. 289, 13 Am. St. Rep. 497; *Delsman v. Friedlander,* 40 Or. 33, 66 Pac. 297.

Upon the general doctrine fixing the liability upon the guarantor upon default of the principal at maturity of his obligation, see *Bloom v. Warder-Mitchell Co.,* 13 Neb. 476, 14 N. W. 395; *Hungerford v. O'Brien,* 37 Minn. 306, 34 N. W. 161; *Merrit v. Hass,* 106 Minn. 275, 118 N. W. 1023, 119 N. W. 247, 21 L. R. A. (N. S.) 153; *Miller v. Lewiston Nat. Bk.,* 18 Idaho, 124, 108 Pac. 901; *Wilkinson-Gadis Co. v. Van Riper,* 63 N. J. Law, 394, 43 Atl. 675; *Fulley et al. v. Tomlinson & Bros.,* 58 Iowa, 111, 12 N. W. 127; *Hoyt v. Quint,* 105 Iowa, 443, 75 N. W. 342; *Blanding v. Wiseley et al.,* 107 Iowa, 46, 77 N. W. 508; *Wright v. Dyer,* 48 Mo. 525; *Warder, Bushnell & Glassner Co. v. Johnson,* 114 Mo. App. 571, 90 S. W. 392; *Baker v. Kelly,* 41 Miss. 696, 93 Am. Dec. 274; *Brown v. Curtiss,* 2 N. Y. 225; Brandt on Surety, sec. 170; *Donngerberg v. Oppenheimer,* 15 Wash. 290, 46 Pac. 254; *Jenkins v. Wilkinson,* 107 N. C. 707, 12 S. E. 630, 22 Am. St. Rep. 911; *Fegley v. Jennings,* 44 Fla. 203, 32 South. 873, 103 Am. St. Rep. 142; *Penny v. Crane Bros. Mfg. Co.,* 80 Ill. 244; *Gage v. Mechanics' Nat. Bk. of Chicago,* 79 Ill. 62; *Roberts v. Riddle,* 79 Pa. 468; *Heyman v. Dooley,* 77 Md. 162, 26 Atl. 117, 20 L. R. A. 259; *Klein v. Kern,* 94 Tenn. 34, 28 S. W. 295; 14 Am. & Eng. Enc. (2d Ed.) 1145-1149; 20 Cyc. 1450, and cases cited.

Many other equally well-reasoned opinions might be cited in support of the doctrine that, under an absolute and unconditional guaranty, the duty is upon the guarantor to see that his contract of guaranty is fulfilled, and that the obligations of the principal are discharged at maturity; and, in the absence of fraud which may be the proximate cause of damage to the

guarantor, a lack of notice and demand, or the fact that the principal at maturity of his obligation was solvent, and afterward became insolvent, does not constitute a defense that will discharge the guarantor from liability.

The judgment is affirmed.

By the Court: It is so ordered.