Luster *v.* Ball.

## HAMILTON LUSTER *v.* NATHAN BALL.

1. PRACTICE OF THE SUPREME COURT. *Appeal. Failure of record to disclose error. Effect of.* The action of an inferior court is not reversible here where the record fails to disclose the errors relied on; but in such case its correctness is presumed.

2. SAME. *Same. When decree not final.* A decree rejecting an award and reinstating a cause on the docket is not a final decree from which an appeal may be allowed.

Case cited: Brandon *v.* Crouch, 11 Heiskell, 605.

FROM ————.

From the Chancery Court at ————.

No record found.

NICHOLSON, C. J., delivered the opinion of the court.

The bill in this case was filed by Luster to enforce a parol agreement alleged to have been made with J. and N. Ball, by which he was to have the privilege of redeeming a tract of land sold under execution.

While the suit was pending the parties entered into a written agreement to submit the matters in issue between them to the arbitrament of three named arbitrators, the award of any two of them to be made the decree of the court.

The arbitrators met and heard proof, and two of them signed an award, determining the matters in issue against the complainant, and in favor of the defendants. The third arbitrator dissented from the award.

Complainant made a motion to reject the award upon the ground that one of the arbitrators was prejudiced against him, and we find in the record four affidavits bearing upon the alleged prejudice of one of the arbitrators—two sustaining the allegations and two opposing it.

The Chancellor determined, upon the affidavits on both sides, that the arbitrators did not make their award upon the principles of law and equity, sustained the motion, and set aside the award, and restored the cause to its condition before the submission was made.

From this decree defendants have appealed, but have taken no bill of exceptions showing the affidavits on

which the Chancellor acted.    Two of the affidavits are marked "filed," but the others are not so marked, nor is there anything showing whether these are all the affidavits read.

We have held repeatedly that when parties seek to put a judge or chancellor in error, his action must be so presented by bill of exceptions, or by other entry of record, from which the error can be made apparent.    When this is not done it is but just that we presume in favor of the correctness of the action of the court below.    We feel bound to apply this rule in the present case.

But the appeal must be dismissed on another ground—because it was granted prematurely.    The decree rejecting the award, and reinstating the cause on the docket, was not such final decree as authorized the Chancellor to allow an appeal: *Brandon* v. *Crouch,* 11 Heiskell, 605.