IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# EASTERN DIVISION.

---

## KNOXVILLE, SEPTEMBER TERM, 1888.

---

## ANDREWS *v.* WARNER.

### (*Knoxville.* September 12, 1888.)

1. APPEAL. *Discretionary. Not premature, when.*

An appeal is not prematurely granted—when allowed by the Chancellor, in the exercise of his discretion under § 3874 (M. & V.) Code, *before report by the Master*—from a decree, upon a bill to enforce a mechanic's lien, adjudging that complainant is entitled to recover the contract price for erecting a building "less the value of work necessary to its completion," and ordering an account " to ascertain the exact amount due complainant on this basis."

Code construed: § 3874 (M. & V.); § 3157 (T. & S.).

1

Andrews *v.* Warner.

2. SAME.    *Same.    Exercise of discretion presumed.* ·

   Where an appeal lies in the Chancellor's discretion, the mere grant of
       the appeal, without more, is a sufficient exercise of his discretion.

   (See 1 Heis., 752.)

FROM HAMILTON.

Appeal from Chancery Court of Hamilton County. D. C. TREWHITT, J., sitting by interchange.

N. H. BURT for Complainants.

W. L. EAKIN for Respondents.

CALDWELL, J.    This bill was filed for the enforcement of a mechanic's lien.

The Chancellor heard the cause upon the pleadings and proof, and thereupon adjudged the complainants entitled to recover the amount for which they had agreed to erect the building, less the value of work necessary to its completion.    To ascertain the exact amount due complainants upon this basis the cause was, in the same decree, referred to the Master for an account and report.

At the same term, and before the coming in of the Master's report, the complainants appealed from the decree mentioned.

The defendants now insist that the appeal is premature, because taken before report by the Master and action thereon by the Chancellor, and upon

Andrews *v.* Warner.

this ground they move this Court to dismiss the appeal.

The motion is not well made.

The appeal is authorized by section 3874 of the Code (M. & V.), which is in the following language:

" The Chancellor or Circuit Judge may, in his discretion, allow an appeal from his decree in equity causes, determining the principles involved, and ordering an account, or a sale, or partition, *before the account is taken, or the sale or partition is made,*" etc.

Manifestly the decree here appealed from determines the " principles involved" in the litigation, and *the granting* of the appeal by the Chancellor was an exercise of " his discretion" to allow it.

The motion is overruled.