## KLEIN *v.* KERN.

### (*Knoxville.* November 1, 1894.)

1. GUARANTY. *Matures, when.*

A guaranty by a third person that a mortgageor will, in consideration of a stipulated indulgence upon the mortgage, pay to the mortgagee, upon the debt secured, a stated sum, "together with the interest due on the whole indebtedness, as well as all expenses incurred on or before November 1, 1892," matures and becomes payable on November 1, 1892, in the absence of other controlling provision on that subject. (*Post, pp. 35, 36.*)

2. SAME. *Absolute, when.*

And such guaranty is absolute. Suit lies thereon without previous demand of the mortgage debt, or notice of default, or exhaustion of the mortgageor's property. It is immaterial whether the mortgagee is solvent or insolvent. (*Post, p. 37.*)

Cases cited: Hunter *v.* Dickinson, 10 Hum., 36; Taylor *v.* Ross, 3 Yer., 330; Irvine *v.* Brasfield, 10 Heis., 428; Yancey *v.* Brown, 3 Sneed, 89.

3. SAME. *Parol evidence not admissible to change.*

A written guaranty, whose language is plain and unambiguous, cannot be changed by parol evidence. (*Post, p. 37.*)

---

FROM KNOX.

---

Appeal from Chancery Court of Knox County. H. R. GIBSON, Ch.

Klein *v.* Kern.

TEMPLETON & CATES for Klein.

YOE & CORNICK for Kern.

WILKES, J. This is a bill to hold defendant liable as guarantor upon the following paper writing:

"In consideration of V. Klein withdrawing his advertisement in the *Weekly Sentinel,* and not selling the property therein advertised to be sold at public auction on Saturday, November 12, 1892, under the deed in trust or mortgage executed by J. F. Haupt to said Klein (to all of which reference is hereby made), I guarantee that J. F. Haupt, will pay to V. Klein, on account of the debt due him from Haupt, the sum of $1,000, together with the interest due on the whole indebtedness, as well as all expenses incurred on or before November 1, 1892.

(Signed) "PETER KERN."

Defendant demurred to the bill, and assigned as grounds: (1) That no demand for payment had been made of Haupt and complainant had not exhausted his remedy against him on the mortgage or deed in trust held by complainant; that no action has been taken on the same, and defendant's undertaking was not to pay any sum himself, but that Haupt, the debtor, would pay. (2) Because the guaranty is void for uncertainty in its terms and provisions.

The Chancellor overruled the demurrer, and defendant answered, and the cause proceeded to hearing on the proof, when the Chancellor held that the

defendant was liable upon the paper as an absolute guaranty for $1,000, and the interest upon the entire debt secured by the mortgage, and all expense incurred to November 21, 1892, and that the instrument fixed the date of payment, as well as the date when interest and cost should cease, at November 21, 1892, and referred the cause to the Master to report the amount due under the guaranty as thus construed. Report was made. and excepted to, and, upon exception being sustained, was referred, and decree rendered for $1,226.50, from which defendant prayed an appeal, and has assigned as error the action of the Chancellor, first, in overruling the demurrer, and, second, in giving decree for the amount of $1,226.50.

The real points in controversy are that the guarantee fixes no date by which payment was to be made, the date fixed, November 21, 1892, being merely intended as the date at which interest and expenses were to cease, and not as a limit for payment.

We think the Chancellor's construction was correct, and the date fixed was the time at which payment was to be made, as well as the date up to which interest and expenses were to be computed, and the guaranty matured at the date, November 21, 1892.

It is next said that no suit should have been brought until payment had been demanded of Haupt, and the trust deed given by Haupt to complainant enforced and the property exhausted, and then only for a deficit not to exceed the guaranty.

We think the guaranty was absolute for the amount specified, and was by the parties intended to secure that amount independent of the trust deed, and as additional security to complainant, who was insisting, as defendant in his answer states, that the property would not sell for enough to pay his debt, and it does not provide for a deficit, but an amount independent of the mortgage.

It is well settled in Tennessee that when the guaranty is absolute no demand or exhaustion of the maker is required, nor is any notice required of the acceptance or default.

It does not matter whether the guaranty stipulates that the maker will pay, or that the guarantor will pay, nor whether the maker is solvent or not. In either event the undertaking is absolute, and the guarantor must pay the amount or see that it is paid. It is not the case of a guaranty of solvency or collectibility, which requires previous demand and suit. *Hunter* v. *Dickerson*, 10 Hum., 36; *Taylor* v. *Ross*, 3 Yer., 330; *Irvine* v. *Brasfield*, 10 Heis., 428; *Yancy* v. *Brown & Appleton*, 3 Sneed, 89; Randolph on Commercial Paper, Sec. 880; Brandt on Suretyship and Guaranty, Sec. 165; Daniel on Negotiable Instruments, Sec. 1786.

The terms of the guaranty cannot be changed by parol proof of what the parties intended, as we think its language plain and unambiguous.

The decree of the Chancellor is affirmed with costs.