## JOHNSON v. CHARLES D. NORTON CO.

(Circuit Court of Appeals, Sixth Circuit. January 27, 1908.)

No. 1,714.

1. GUARANTY—CONSTRUCTION AND OPERATION—WHAT LAW GOVERNS.

A contract of guaranty made to enable traction companies operating lines in Pennsylvania to buy coal on credit for use on their roads, wherever executed, is presumably to be performed in Pennsylvania, and is governed by the law of that state.

2. COURTS—FEDERAL COURTS—FOLLOWING STATE DECISIONS.

A contract of guaranty is a well-known form of commercial contract as to the construction and effect of which the federal courts are not bound to follow state decisions not based on a local statute or usage having the force of a local law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Courts, § 979.

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21. C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

3. GUARANTY—REMEDY OF CREDITOR—CONDITIONS PRECEDENT.

The distinction between a general guaranty of payment and a guaranty of collection is well settled; the former being an unconditional, and the latter a conditional, contract. Under a guaranty of payment by a railroad company for supplies, where the company has become insolvent, and its property has passed into the hands of receivers in a foreclosure suit, the creditor is not compelled to pursue its claim to judgment against the company before resorting to the guarantor; nor is it obliged to unsuccessfully assert a claim to priority over the mortgage debt in the foreclosure suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Guaranty, § 89.]

4. SAME—AMOUNT RECOVERABLE—INTEREST.

Interest is recoverable against a guarantor from the time the debt became due and after demand and notice, although the effect is to increase the judgment beyond the limit fixed by the contract of guaranty.

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Ohio.

This was an action against a guarantor upon three letters of guaranty, in the following words:

"January 16, 1903.

"To Charles D. Norton Company, Philadelphia, Pa.—Gentlemen: In respect to the coal accounts of the Lehigh Valley Traction Company, the Philadelphia & Lehigh Valley Traction Company and the Allentown Electric Light & Power Company, respectively, with you. We hereby personally, jointly and severally make this contract of guaranty, to wit:

"That to the extent of twenty thousand dollars ($20,000) we guarantee the payment of any and all amounts due or to become due from the said companies or either of them to you for coal furnished from time to time to them or on their order respectively. This contract and guaranty to be a continuous one, and to apply to all credits given to the said companies or either of them within the limits of the amount above set forth, until such time as we shall in writing notify you of our withdrawal of this guaranty, in the event of which notice our guaranty shall cease on all coal supply thereafter.

"Yours truly,                [Signed]                Tom. L. Johnson,
                                                     "Robt. E. Wright."

"February 19, 1903.

"To Charles D. Norton Company, No. 219 Stephen Girard Bldg., Philadelphia, Pa.—Gentlemen: In respect to our letter or contract addressed to you bearing dates January, 1903, guaranteeing accounts of the Lehigh Valley Traction Company, the Philadelphia & Lehigh Valley Traction Company and

the Allentown Electric Light and Power Company, we beg to say that the guaranty therein contained is to cover shipments both by Charles D. Norton & Co., and Charles D. Norton Co., or either.

"[Signed]                                                      R. E. Wright,
                                                              "Tom. L. Johnson."

"Lehigh Valley Traction Company, Allentown, Pa.

"Commonwealth Building, Allentown, July 1, 1903.

"Messrs. Chas. D. Norton & Co., No. 209 Stephen Girard Bldg., Philadelphia, Pa.—Gentlemen: In respect to the contract of guaranty entered into by us with you in January, 1903, whereby we agreed to become the guarantors as herein stated of certain indebtedness of the Lehigh Valley Traction Company, the Philadelphia and Lehigh Valley Traction Company and the Allentown Electric Light and Power Company respectively to you, we have this to say: That if you comply with the suggestion that has been made by those companies, or either of them, that for that indebtedness and for the notes representing it you should accept renewal notes from time to time from those companies and so continue to do the same until otherwise notified by us such action on your part shall not relieve us from our guaranty, but that our liability under that contract shall continue as heretofore and as set forth in the contract.

"Yours respectfully,                [Signed]       Tom L. Johnson,
                                                     "Robt. E. Wright."

Notes and renewal notes were taken from the principal debtor, the Lehigh Valley Traction Company; the last renewals being three notes, each for $6,-603.48, dated, respectively, September 20, October 20, and October 21, 1904, maturing 60 days after date of each. Demand and notice were duly made and given.

A demurrer to the petition was overruled. A reply was then filed averring that the plaintiff had not pursued the principal debtor to judgment. It also averred that the property of the Lehigh Valley Traction Company was in the hands of a receiver appointed by a Pennsylvania court under a mortgage foreclosure proceeding; that the claim of the plaintiff was for coal supplied to maintain the operation of the traction company, and the claim of plaintiff was entitled to preference over the mortgage debt, and the property in the hands of the receiver was more than enough to pay all preferential debts; that the plaintiff filed its said claim before a master directed to report preferential debts, but has not prosecuted same to judgment, nor instituted any suit against the said Lehigh Valley Traction Company. A demurrer to this answer was sustained so far as it contained affirmative matter. Thereupon the case was submitted to a jury upon evidence adduced by the plaintiff in support of its petition. The jury, by direction, returned a verdict for $19,810.42, being the aggregate of the principal due upon the three notes mentioned with interest upon $6.603.47 from December 20, 1904, and interest upon a like amount from December 21, 1904, and upon a like sum from January 18, 1905.

J. C. Brooks, for plaintiff in error.
G. M. Dahl, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge (after stating the facts as above). The traction companies, whose contracts Mr. Johnson guaranteed, were companies operating lines of railway in the state of Pennsylvania. The Charles D. Norton Company and Charles D. Norton were dealers in coal, carrying on business in that state, and the object of the guarantee was to secure them in the sale and delivery of coal to the former companies used from day to day for the operation of their several lines. There is no evidence as to where the contracts of guaranty were signed, and no express agreement that the guarantee was given in view of

the law of any particular state. If we assume the guarantee to have been written in Ohio, the state of the residence of Mr. Johnson, one of the guarantors, the implications from the character and circumstances of the contract are that the contract of guaranty was to be fulfilled in Pennsylvania, and that the guaranty was given with a view to the law of the place of performance. Cox v. United States, 6 Pet. 172, 8 L. Ed. 359; Boyle v. Zacharie, 6 Pet. 635, 644, 8 L. Ed. 527; Bell v. Bruen, 1 How. 169, 11 L. Ed. 89; United States Bank v. Daniel, 7 Pet. 33, 9 L. Ed. 989; Pritchard v. Norton, 106 U. S. 124, 136, 1 Sup. Ct. 102, 27 L. Ed. 104. Upon this assumption we should interpret and give effect to the guaranty according to the law of Pennsylvania.

For the plaintiff in error it is contended that, according to the laws of Pennsylvania, this guaranty is conditional, and that the guarantor is not liable until the principal debtor has been pursued to insolvency. To sustain this counsel cite: Isett v. Hoge, 2 Watts (Pa.) 128; Brown v. Brooks, 25 Pa. 210; Hoffman v. Bechtel, 52 Pa. 190; National Society v. Lichtenwalner, 100 Pa. 100, 45 Am. Rep. 359; Hartman v. First National Bank, 103 Pa. 581. It may be doubted whether under the Pennsylvania decisions it is essential to pursue an insolvent principal to judgment; such a course being fruitless. Cambell v. Baker, 46 Pa. 243; Janes v. Scott, 59 Pa. 178, 98 Am. Dec. 328.

A contract of guaranty is a well-known form of commercial contract, and it is not to be conceded, on the Pennsylvania cases cited, that the liability of a guarantor should be made to depend upon an unsuccessful resort to an equitable proceeding to assert a claim as preferred over mortgage debts because created for supplies to keep an insolvent railway line in operation. Certainly, if it did not appear that harm had resulted to the guarantor as a consequence, a court of law would not repel a plaintiff upon such a defense. See National Loan Association v. Lichtenwalner, 100 Pa. 100, 45 Am. Rep. 359. Passing this, we find that these decisions of the Pennsylvania courts are not based upon any local statute, custom, or usage, having the force of local law and purport only to be the view of the Pennsylvania courts as to the general commercial or common law in respect to the interpretation and effect of contracts of guaranty.

In holding that a general guaranty of payment is a conditional guaranty, dependent upon the exercise of due diligence in collecting from the principal debtor, the Pennsylvania courts are not in line with the great weight of authority. In the absence of some special limiting or qualifying words, the line of distinction between a guaranty of payment and a guaranty of collection is well settled. The one signifies an unconditional contract, and the other a conditional contract. 14 Am. & Eng. Enc. of Law, 1141; 20 Cyc. 1450. Of the many decisions holding that a simple guaranty of payment is an absolute guaranty, we cite only a few: Neil v. Ohio Agricultural Bank, 31 Ohio St. 15; City Savings Bank v. Hopson, 53 Conn. 453, 5 Atl. 601; Yancey v. Brown, 3 Sneed (Tenn.) 89; Klein v. Kern, 94 Tenn. 34, 28 S. W. 295; Brown v. Curtiss, 2 N. Y. 225; Miller v. Rinehart, 119 N. Y. 368, 23 N. E. 817; Donley v. Camp, 22 Ala. 659, 58 Am. Dec. 274; Sanford v. Allen, 1 Cush. (Mass.) 478; Inkster v. Marshal National Bank, 30 Mich. 143; Dana v. Conant, 30 Vt. 246; Wren v. Pearce, 4 Smedes & M. (Miss.) 91. Most

of the cases, English and American, hold that neither notice of the acceptance of the guaranty nor demand of payment from the principal debtor with notice to the guarantor are requisite steps to the liability of a guarantor of payment. In this particular, the Supreme Court of the United States holds otherwise, though they do hold that the guarantor is relieved only to the extent that he has been injured by default in such demand and notice. Douglass v. Reynolds, 7 Pet. 113, 126, 8 L. Ed. 626, s. c. 12 Pet. 497, 9 L. Ed. 1171; Davis v. Wells, 104 U. S. 160, 170, 26 L. Ed. 686. That it is not essential to show an unsuccessful effort to coerce payment by the principal debtor is the plain conclusion from the Supreme Court cases cited, as well as from Memphis v. Brown, 20 Wall. 289, 311, 22 L. Ed. 264, where the question arose upon a guaranty that:

"The city of Memphis will and does hereby guarantee the contractors the payment of said accounts so assessed against the property owners for the payment according to plans and specifications."

The court said of this:

"It will be perceived that this is a guaranty of payment, and not of collection merely, and upon which, upon general principles of law, a suit may be commenced against the grantor (guarantor) without any previous suit against the principal. The 30, 60, and 90 days had long passed, and the payments had not been made by the owners. These periods, we think, furnish the limit of delay, that could have been contemplated, before the city became liable to pay. Numerous authorities are cited in brief of counsel and in the learned opinion of the circuit judge, to show that, upon a contract thus worded, the city is liable in a suit brought by the contractor. They fully sustain the position. The fact, however, that the Supreme Court of Tennessee has now decided that an assessment upon the property owner for this expense is void, as in violation of the Constitution of the state, would seem to render such discussion unnecessary. The work was done under a contract with and by the employment of the city; the claim of the contractor is upon his contract, to which the city alone is the counter party. A particular mode in which payment was expected to be obtained fails. The city cannot allege the illegality of the proposed detail of payment as a defense to itself. If it 'caused' the owners to pay, that was well. If it failed in that, as it has, both in fact and in law, its guaranty of payment remains in force."

In Douglass v. Reynolds, 7 Pet. 113, 126, 8 L. Ed. 626, Justice Story, speaking of the necessity of a demand and notice and of the general character of a guaranty of payment, said:

"By the very terms of this guaranty, as well as by the general principles of law, the guarantors are only collaterally liable, upon the failure of the principal debtor to pay the debt. A demand upon him, and a failure upon his part to perform his engagements, are indispensable to constitute a casus fœderis. The creditors are not, indeed, bound to institute any legal proceedings against the debtor, but they are required to use reasonable diligence to make demand, and to give notice of the nonpayment. The guarantors are not to be held to any length of indulgence of credit which the creditors may choose; but have a right to insist that the risk of their responsibility shall be fixed and terminated within a reasonable time after the debt has become due."

Contracts of guaranty are a well-known form of commercial obligation. In Davis v. Wells, cited above, the court said they were "to be construed as a mercantile instrument in furtherance of its spirit and liberally to promote the use and convenience of commercial intercourse." Bell v. Bruen, 1 How. 169, 186, 11 L. Ed. 89; Lawrence v.

McCalmont, 2 How. 426, 419, 11 L. Ed. 326; 3 Kent's Comm., side page 121. With respect of such a question of general law, involving, as this does, the construction and effect of commercial obligations so much used in commercial transactions, the courts of the United States, while inclined to agreement with the decisions of the court of the state of the solution of the contract, are not compelled to follow such decisions when they do not profess to be based upon a local statute nor any local usage having the force of local law.

Section 721, Rev. St.[U. S. Comp. St. 1901, p. 581], which requires the courts of the United States to regard the laws of the several states, except when the Constitution, treaties, or statutes of the United States shall otherwise provide, in trials at common law, "as rules of decision" when they apply, has again and again been construed and limited in its action to state laws strictly local; that is to say, to the statute of the state and their construction by the local courts and to rights and titles to property having a situs by their nature or character. That the section mentioned does not extend to contracts having a commercial character, such as that here involved, nor questions dependent upon the general common law, is well settled. Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865; Oates v. National Bank, 100 U. S. 239, 246, 25 L. Ed. 580; Carpenter v. Providence Ins. Co., 16 Pet. 495, 511, 10 L. Ed. 1044; Railroad Co. v. National Bank, 102 U. S. 14, 55, 26 L. Ed. 61; Burgess v. Seligman, 107 U. S. 20, 27 L. Ed. 359; Liverpool & Great Western Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 443, 9 Sup. Ct. 469, 32 L. Ed. 788; Hartford Ins. Co. v. Chicago, etc., Ry. Co., 175 U. S. 91, 100, 20 Sup. Ct. 33, 44 L. Ed. 84; Baltimore & Ohio Railroad Co. v. Baugh, 149 U. S. 371, 377 et seq., 13 Sup. Ct. 914, 37 L. Ed. 772; Russell v. Clark, 7 Cranch, 69, 3 L. Ed. 271; Bell v. Bruen, 1 How. 186, 11 L. Ed. 89: Davis v. Wells, 104 U. S. 159, 26 L. Ed. 686; Douglass v. Reynolds, 7 Pet. 113, 126, 8 L. Ed. 626; Drummond v. Prestman, 12 Wheat. 515, 6 L. Ed. 712; and Memphis v. Brown, 20 Wall. 289, 22 L. Ed. 264—were cases involving guaranties, and in every instance the matter was treated as one of general law.

There was no error in the allowance of interest after demand and notice, although the general result was to increase the judgment beyond the limit of liability. The sums demanded were due and payable when demanded, and interest then began to run.

Judgment affirmed.

NOTE.—The following is the opinion of Tayler, District Judge, on demurrer to the petition:

TAYLER, District Judge. This is an action brought by the plaintiff against the defendant, in which it seeks to recover some $20,000 on a contract of guaranty entered into between the parties, whereby the defendant guaranteed, to the extent of $20,000, the payment of any or all amounts, due or to become due from certain corporations, or either of them, to the plaintiff for coal furnished from time to time. The contract was later enlarged so as to make it cover notes, or renewals thereof, which might be given by the companies for the indebtedness accruing for coal.

To this petition the defendant has filed a general demurrer, and the ground on which this demurrer is sought to be sustained, in argument, is that it nowhere appears in the petition that the plaintiff has exhausted its remedy against the principal debtor. Counsel for the defendant claim that the guaranty sued upon is what is called a conditional guaranty, and not an absolute

guaranty; that it is a guaranty of that sort has been determined by the Supreme Court of Pennsylvania, in which state the contract was made, and where it was to be executed; and that, under the decisions of the courts of that state, before suit can be instituted and prosecuted on such a guaranty, resort must primarily be had to the original debtor, and only upon his failure to respond to legal proceedings instituted for the collection of the debt can suit be brought against the guarantor.

The claim that the meaning of this contract and the effect to be given to it by this court are to be determined by the law of Pennsylvania is unsound. The question thus made is a question of general law, in respect to which the federal courts will follow the rules of general law as laid down by federal courts. This doctrine is established by the case of Swift v. Tyson, 16 Pet. 1, 10 L. Ed. 865, and a long line of authorities subsequent to the decision in that case.

The rule established by the federal courts, and by the courts of most of the states, is to the effect that such a guaranty as that on which this suit is based is absolute, and that it is not necessary, in order to predicate an action at law upon it, that suit should have been prosecuted against the original debtor, or that any steps should have been taken against him. It would be sufficient in case of such guaranty that default should have been made. That appears in this case according to the allegations of the petition, and therefore a right of action has accrued against the defendant.

The demurrer to the petition is therefore overruled.