BREWING CORP. OF AMERICA *v.* PIONEER DISTRIBUTING CO.
*et al.*

(*Knoxville,* September Term, 1952.)

Opinion filed December 5, 1952.

John Ross Scott and C. W. K. Meacham, both of Chattanooga, for complainant.

Harry Berke, of Chattanooga, for defendants.

Mr. Justice Gailor delivered the opinion of the Court.

In the Chancery Court of Hamilton County, the Brewing Corporation of America, an Ohio corporation, filed its bill against Pioneer Distributing Company, Inc., H. R. Maddux and Pat Wilcox, to collect an alleged indebtedness of $7,323.37, with interest. At the time the bill was filed, the Pioneer Distributing Company, Inc., was

in liquidation, a general creditor's bill had been filed against it, but it had not surrendered its charter. The alleged liability of H. R. Maddux and Pat Wilcox was based upon a written contract of guaranty, which is exhibited with and made a part of the bill.

It appears from this contract that Pioneer Distributing Company was to be the distributor of beer manufactured by the Brewing Corporation of America, and the guaranty contract provided that the guarantors jointly, severally and unconditionally, guaranteed the payment to the Brewing Corporation, of all sums which, at any time, should be owing to the Brewing Corporation by the Pioneer Distributing Company on account of beer and other goods furnished. A pertinent term of the contract of guaranty is as follows:

"This shall be an open and continuing Guaranty and shall continue in full force and effect, notwithstanding any change in the form of such indebtedness or renewals and extensions granted by Brewing Corporation of America without obtaining my (our) consent thereto, until receipt by Brewing Corporation of America, its successors and assigns, *of written notice of revocation from the undersigned sent by registered mail.*" (Our emphasis.)

The Chancellor entered a decree for complainant and the present appeal is prosecuted by the defendant Pat Wilcox, only, so we are concerned here, only with his liability. He filed an answer to the bill and demanded a jury. In his answer, he undertook to raise the affirmative defense that he, by a subsequent oral understanding with officers of the Brewing Corporation, had been released from this contract of guaranty. Complainant met this answer with a motion to strike, which the Chancellor,

with consent of all parties, treated as a demurrer, and sustained, holding that the alleged oral release as alleged in the answer, was insufficient as a matter of law. Thereafter, defendant Wilcox filed amended answers, in which he undertook to raise questions of waiver and estoppel, alleging waiver and estoppel to be a defense to his liability on the written contract of guaranty.

Again, the Chancellor sustained a motion to strike these affirmative defenses, held that defendant Wilcox was liable as a guarantor on the written contract of guaranty, and further held that the only remaining question was the amount of his liability, to ascertain which he ordered a reference, and permitted a discretionary appeal.

Complainant has made a motion to dismiss the appeal on the ground that the decree from which the appeal was undertaken, was not a final decree, and was not such a decree as warranted a discretionary appeal.

We find no merit in this contention. Code sec. 9038 defines the cases in Chancery Court in which the Chancellor may grant discretionary appeals. Such discretion of the Chancellor is limited to the cases specified; *Mengle Box Co.* v. *Lauderdale County,* 144 Tenn. 266, 230 S. W. 963. In the decree from which this appeal was taken, the Chancellor held that the defendant was liable as a matter of law on the contract of guaranty, and that the only open question was the amount of such liability, for which he ordered a reference. The decree was final on the question of defendant's liability. If the reference involves only the amount of liability, and no legal or equitable principle of liability, the allowance of the appeal is within the discretion of the Chancellor. *Andrews* v. *Warner,* 87 Tenn. 1, 9 S. W. 194; *Porter* v.

592

*Burton,* 57 Tenn. 584; *Terrell* v. *Ingersoll,* 78 Tenn. 77; *Luster* v. *Ball,* 65 Tenn. 93; *Brandon* v. *Crouch,* 58 Tenn. 605; *Allen* v. *McCullough,* 49 Tenn. 174; *Moore* v. *Churchwell,* 27 Tenn. App. 443, 181 S. W. (2d) 959.

 Since we hold that the appeal was proper and has been perfected, two questions presented by it are:

(1) Was the alleged oral release, made subsequent to the excution and delivery of the written contract of guaranty, a legal defense which permitted the introduction of evidence and the submission to the jury of the question of the making of the oral release?

(2) Was there a valid plea of waiver and estoppel?

To be legally enforceable, the contract of guaranty being solely for the purpose of answering for the debt, default or miscarriage of the Pioneer Distributing Company had to be in writing under the Statute of Frauds; Code Sec. 7831. The contract of guaranty as exhibited with the bill is in writing and is full, clear, definite and complete. To permit the defendant Wilcox to prove that by a subsequent oral agreement, he was released from the written contract of guaranty, while such contract was left in force against his co-guarantor, Maddux, would clearly be to permit the introduction of oral evidence to "alter, modify and contradict" the express terms of a written contract, and so a violation of the parol evidence rule. *Klein* v. *Kern,* 94 Tenn. 34, 28 S. W. 295.

To give effect to the subsequent oral agreement, even if it were proved as alleged, would be not only against general law, but against a clear and specific term of the contract of guaranty itself, which provided that release of a guarantor should only be upon "written notice of revocation from the undersigned (Defendant Wilcox) sent by registered mail."

■ Finally, we think the pleas of waiver and estoppel were insufficient since they show no change of position by Wilcox, nor injury or prejudice to him, which were elements of waiver and estoppel essential to make the pleas effective. *Morris* v. *Moore,* 30 Tenn. 433; *Askins* v. *Coe,* 80 Tenn. 672, 676; *Rogers* v. *Colville,* 145 Tenn. 650, 238 S. W. 80. Mere delay by the Brewing Corporation in enforcing its rights under the contract of guaranty did not work to the disadvantage or prejudice of Wilcox, but on the contrary, to his advantage, so far as the pleadings disclose. Compare *State* v. *McPhail,* 156 Tenn. 459, 2 S. W. (2d) 413.

The decree of the Chancellor is affirmed at appellant's cost, and the case remanded to the Chancery Court for further proceedings, in accordance with the terms of that decree.